RECEIVED IN ALEXANDRIA, LA
FEB 21 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LAWRENCE SPIKES, et al. | CIVIL ACTION NO. 03-0642 |
| -vs- | JUDGE DRELL |
| BENJI PHELPS, et al. | MAGISTRATE JUDGE KIRK |

### RULING

Before the Court is an unopposed motion for summary judgment (Doc. 129) filed by defendant Barbara Clark. No evidentiary filings in support of the motion were filed, and the motion relies solely on the plaintiffs' allegations and issues raised only in pleadings. Because those allegations are ambiguous, the motion is DENIED.

### SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states provides summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence

of a genuine issue of material fact for trial. <u>Eason v. Thaler</u>, 73 F.3d 1322, 1325 (5th Cir. 1996) (<u>citing</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. <u>Herrera v. Millsap</u>, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. <u>Brock v. Chevron U.S.A., Inc.</u>, 976 F.2d 969, 970 (5th Cir. 1992).

## ANALYSIS

This case involves the defendants' alleged collective interference with voting in a citywide election held in Winnfield, Louisiana, in Winnfield Parish, on Saturday, April 6, 2002. The actions at issue allegedly occurred in the week leading up to and including the Saturday of the election. Ms. Clark's motion does not rely on any evidence besides the plaintiffs' allegations in the pleadings, so we take our facts from the plaintiffs' first amended complaint (Doc. 53).

The plaintiffs allege that "key supporters" of two candidates in the election were subpoenaed to appear before a grand jury from Monday, April 1, 2002 to Thursday, April 4, 2002 leading up to the Saturday election and that they were thus prevented from "actively campaigning for their candidates." (Doc. 53, p. 14, par. 40). The grand jury issued warrants for these "key supporters," which warrants were executed on Thursday, April 4, 2002, two days before the election. (Doc. 53, p. 14, par. 43).

At this point, the complaint becomes more ambiguous. First, the amended complaint states:

2

> These supporters . . . spent the night in jail and when brought to court on bond issues Friday morning [April 5, 2002] learned that [the assistant district attorney] had filed a Motion for Bond Hearing, which the Judge would not take up until the Monday after the election.

(Doc. 53, p. 15, par. 44). Consequently, the complaint alleges, "these key supporters . . . were not allowed to actively campaign and/or contact family and friends, such as the case may be." (Doc. 53, p. 15, par. 45).

Next is the allegation that is central to this motion for summary judgment, apparently the only allegation that directly involves Ms. Clark:

> These supporters were also denied access to the polls and could not exercise their constitutional rights to vote by and through the instruction of Defendant, BARBARA CLARK, registrar of voters for Winn Parish, who informed the arrested supporters that they could not vote because they were arrested, which is in direct contradiction of the laws of the State of Louisiana.

(Doc. 53, p. 15, par. 46).

Ms. Clark asserts that she cannot be liable in this matter as a matter of law, even if she acted in direct contravention to Louisiana law by informing the arrestees that they could not vote because they had been arrested. (Doc. 129-2, p. 3). Ms. Clark's sole argument is that she "played absolutely no role in the 'key supporters' and the plaintiff, Lawrence Spikes' inability to be released from jail for the purpose of campaigning or voting, at any time between their arrest on Thursday, April 4, 2002, and the date of the election on Saturday, April 6, 2002." (Id.).

We must deny the motion. Ms. Clark relies solely on the plaintiffs' own allegations, and those allegations simply do not demonstrate the absence of a genuine issue of material fact. On the contrary, the plaintiffs' contentions are ambiguous at best.

3

The plaintiffs claim that the delayed bond hearing precluded them from "actively campaign[ing] and/or contact[ing] family and friends" but do not mention the denial of voting rights. (Doc. 53, p. 15, par. 45). The complaint specifically alleges that Ms. Clark's informing the arrestees that they could not vote was what denied them their voting rights. (Doc. 53, p. 15, par. 46).

On the one hand, these allegations could mean that even though the "key supporters" were in custody, they could have voted <u>but for</u> the statements of Ms. Clark, then registrar of voters for Winn Parish. On the other hand, the complaint could be read to mean that because the "key supporters" were in custody, they could not make it to the polls in any event, so the opinion of the registrar, Ms. Clark, would be irrelevant, and any claim against her moot. There are at least two valid interpretations of the amended complaint, and Ms. Clark has presented no evidence to assist in our interpretation. Thus, we draw all inferences in favor of the nonmovant, the plaintiffs. <u>Herrera v. Millsap</u>, 862 F.2d 1157, 1159 (5th Cir. 1989). Consequently, Ms. Clark's motion must be DENIED.

## CONCLUSION

Based on the foregoing, the motion for summary judgment (Doc. 129) filed by defendant Barbara Clark is **DENIED**.

SIGNED on this 21st day of February, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE